UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

**ROBIN LUKOWSKI, ROBERT LUKOWSKI, DAVID JENSEN, THOMAS CASTIGLIONE, TERI DURSO and ROBERT HEIECK,**

                  *Plaintiff*s,

  -*vs*-

**THE COUNTY OF SENECA, LEO CONNOLLY, JAMES R. LARSON, RICHARD SWINEHART, JACK STENBERG, CHRISTOPHER CONSTABLE, SCOTT BUCK, JAMES SINICROPI, and FINGERLAKES1.COM, INC.,**

                  *Defendants.*
_____

Civil Action No.
08-CV-6098 (T)


### MEMORANDUM OF LAW IN SUPPORT OF JAMES R. LARSON'S F.R.C.P. 60(b)(6) MOTION AND/OR FOR RENEWAL AND RECONSIDERATION OF DEFENDANT LARSON'S PREVIOUS MOTION TO DISMISS THE SECOND CAUSE OF ACTION

**HISCOCK & BARCLAY, LLP**
Attorneys for James R. Larson
2000 HSBC Plaza
100 Chestnut Street
Rochester, New York 14604
Tel:  (585) 295-4454

**Robert M. Shaddock**
*of counsel*

ROCHDOCS\556480\1
308211-3031551

**PRELIMINARY STATEMENT**

This Memorandum of Law is submitted in support of a motion of defendant James Larson ("Larson") pursuant to F.R.C.P. 60(b)(6) and/or for renewal and/or reconsideration of the denial of his previous F.R.C.P 12(b)(6) motion to dismiss the Second Cause of Action for malicious abuse of process for failure to state a claim upon which relief can be granted based upon this Court's finding in *Morse v. County of Seneca*, 2009 U.S. Dist. LEXIS 75973 (W.D.N.Y. Aug. 26, 2009).

This Memorandum of Law adopts and incorporates by reference the arguments raised by Amy L. DiFranco, Esq. in her attorney affirmation dated October 13, 2009.

In a nutshell, because the abuse of process claim is based upon allegedly "illegal subpoenas" ***not*** issued by Larson, it should be dismissed as against him. The Complaint states as follows:

> 20. Upon further information and belief…Defendants Connolly and Larson approached Defendant Swinehart and ***requested*** he issue subpoenas to various internet providers…to determine the identities of individuals who had posted negative and critical comments concerning them on Fingerlakes1.com….
>
> 21. Upon information and belief, ***Defendant Swinehart issued*** a series of illegal subpoenas to…[TWC] among others.
>
> 22. Upon information and belief, … Swinehart knew or should have known of Connolly and Larson's illegal motives in requesting the information yet still issued and served illegal subpoenas to obtain the identity of the Plaintiff among others.
>
> 23. Upon information and belief, [TWC], upon receipt of the subpoena ***issued by Defendant Swinehart***, without proper notification to the Plaintiff, disclosed Plaintiff's identity along with the identities of others to Defendant Swinehart.

(Plaintiff's Complaint, ¶¶20-23) (emphasis added).

As set forth fully by this Court in *Morse v. County of Seneca*, 2009 U.S. Dist. LEXIS 75973 (W.D.N.Y. Aug. 26, 2009), the Complaint does not allege Larson issued the subpoenas, nor, as an Under Sheriff, was Larson authorized to issue subpoenas. Moreover, a request to issues subpoenas is not "legal process" sufficient to state a claim for abuse of process. Accordingly, the Second Cause of Action for abuse of process should be dismissed.

## ARGUMENT

### POINT I

### THE SECOND CAUSE OF ACTION FOR MALICIOUS ABUSE OF PROCESS SHOULD BE DISMISSED

In the initial *Lukowski* Decision, the Court set forth the elements for an Abuse of Process Claim under New York law:

> [An abuse of process claim lies] against a defendant who '(1) employs regularly issued legal process to compel performance or forbearance of some act; (2) with intent to do harm without excuse or justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process.'

*Lukowski v. County of Seneca*, 2009 U.S. Dist. LEXIS 14282, 24-25 (W.D.N.Y. Feb. 24, 2009) (citations omitted).

In this case, the Plaintiff failed to state a claim for abuse of process because the Complaint does not allege facts which, if true, satisfy the first element set forth above (that the defendant "employs regularly issued legal process to compel performance or forbearance of some act").

This case is substantially similar to the *Morse v. County of Seneca* case which made the same allegations against Larson. Indeed, this Court stated:

> On February 27, 2009, plaintiff submitted opposition papers to defendants' motions stating that '[b]oth the Complaint in Lukowski and the Complaint in Morse involve the same essential wrong doing on the part of the Defendants as alleged, and the causes of action, with certain exceptions, are similarly worded in each Complaint.'

*Morse v. County of Seneca*, 2009 U.S. Dist. LEXIS 75973 (W.D.N.Y. Aug. 26, 2009). There, the Court dismissed a substantially similar abuse of process claim finding as follows:

> [Larson argues] that plaintiff failed to state a claim for abuse of process because the Complaint does not allege facts, which if true, satisfy the first element of a malicious abuse of process as set forth above. This Court agrees. The CPL does not authorize police officers, Sheriffs or Undersheriffs to issue subpoenas. Thus,… Larson as Undersheriff [was] not authorized to issue the subpoenas to plaintiff and could not have abused the legal 'process' as alleged.
>
> In addition, Connolly and Larson's alleged "request" to Swinehart does not constitute "legal process to compel performance or forbearance of some act" because such a "request" is voluntary or optional and does not direct or compel any action. Accordingly, it is not "legal process."… Here, the facts as alleged in the Complaint was that Connolly and Larson "requested [that Swinehart" issue subpoenas to various internet providers[.]"... This alleged "request" to Swinehart was not "process because it did not direct or compel Swinehart to issue the subpoenas. Therefore, the Second Cause of Action (abuse of process claim) is dismissed with prejudice as to Connolly and Larson.

*Morse*, 2009 U.S. Dist. LEXIS 75973.

Similarly, here, as stated by this Court, Larson, as Undersheriff, was not authorized to issue criminal subpoenas under the New York State Criminal Rules of Procedure (CPL). CPL § 610.20, *Securing attendance of witnesses by subpoena; when and by whom subpoena may be issued*, states as follows:

1. Any criminal court may issue a subpoena for the attendance of a witness in any criminal action or proceeding in such court.

2. A district attorney, or other prosecutor where appropriate, as an officer of a criminal court in which he is conducting the prosecution of a criminal action or proceeding, may issue a subpoena of such court...

3. An attorney for a defendant in a criminal action or proceeding, as an officer of a criminal court, may issue a subpoena of such court…

Subpoenas can only be issued by 1) a criminal court, 2) a district attorney, or 3) a criminal defendant's attorney.  The CPL does not authorize police officers or Sheriffs (or anyone else) to issue subpoenas.  Because Larson was not authorized to issue the subpoenas, he could not have abused "process" as alleged.

Moreover, as set forth in the *Morse* Decision, Larson's alleged "request" to Swinehart also does not constitute "legal process to compel performance or forbearance of some act." Such a "request" is voluntary or optional, it does not direct or compel any action, and therefore is not "legal process".  The case entitled *Susser v. Fried*, 115 Misc. 2d 968 (N.Y. Civ. Ct. 1982) is particularly instructive on what constitutes "process" in a criminal context.  The Court, in analyzing whether a "request to appear" was "process", stated as follows:

> Process is a 'direction or demand that the person to whom it is directed * * * perform or refrain from the doing of some prescribed act' ( *Julian J. Studley, Inc. v Lefrak*, 41 NY2d 881, 884; *Williams v Williams*, 23 NY2d 592.) In New York State criminal proceedings, process takes the form of a summons, warrant of arrest or bench warrant, none of which may be issued prior to the filing of an accusatory instrument. (See CPL 130.10, 120.10, 1.20, subd 3; 530.70.) It may also take the form of an appearance ticket, authorized by CPL article 150. Since response to an appearance ticket issued for the alleged commission of a misdemeanor is obligatory, failure to appear in response thereto being punishable as a violation under section 215.58 of the Penal Law, it has been stated that an appearance ticket 'may be deemed [to be] a process'. (*Farkas v State of New York*, 96 Misc 2d 784, 787, n 3; see R*osario v Amalgamated Ladies Garment Cutters' Union, Local 10, I.L.G.W.U.*, 605 F2d 1228, cert den 446 U.S. 919; but see *McClellan v New York City Tr. Auth.*, 111 Misc 2d 735.)

> A request to appear differs from these forms of process in that by its very language it invites rather than demands the appearance in court of the person to whom it is addressed. Moreover, there is no penalty or other coercive action which can be taken for failure to appear in response to it unless and until an accusatory instrument is actually filed at the court's direction, after the testimony of the complainant has been taken.
>
> The request to appear is most analogous to the 'summons' or 'ticket' which was in use prior to the enactment of CPL article 150 authorizing the use of the appearance ticket in specified situations. As in the case of the request to appear, there was no statutory sanction for the issuance of a summons or ticket…, and no penalty followed upon the mere failure to appear by the person summoned… Presentation to the court of either testimony or affidavits establishing probable cause was required before the recipient could be deprived of his liberty… For these reasons, a summons or ticket was not considered process…, but rather a mere invitation to appear and notice that the recipient would be charged with an offense on a specified future date…
>
> In light of the foregoing, the court concludes that the request to appear is not a process, but merely an invitation, and that therefore, the complaint does not state a cause of action for abuse of process.

*Susser*, 115 Misc. 2d at 970-972 (some internal citations omitted). See also e.g.:

- *Julian J. Studley, Inc. v. Lefrak*, 41 N.Y.2d 881, 884 (N.Y. 1977) ("[T]he so-called 'process' consisted of an affidavit sent by Lefrak to the Department of State alleging misdeeds by Studley and merely requesting that the department take whatever steps it deemed appropriate. This affidavit cannot be regarded as process for it is not a 'direction or demand that the person to whom it is directed * * * perform or refrain from the doing of some prescribed act'... Since here there was no unlawful interference with Studley's person or property pursuant to regularly issued process, a cause of action for its abuse does not lie.")

- *Hannes v. De Luca*, 203 Misc. 562 (N.Y. Sup. Ct. 1952) ("the cause of action for abuse of process was dismissed because a 'request' for appearance at the District Attorney's office was 'not a 'process'' of any kind but, as its very term indicates,

a mere 'request', the matter of appearance is wholly optional and voluntary and can be complied with or refused. If so, there is no penalty.")

- *Wise v. Consol. Edison Co. of N.*Y., 282 A.D.2d 335, 336 (N.Y. App. Div. 1st Dep't 2001) ("Plaintiff's claim for abuse of process… for procuring two confidentiality stipulations was properly dismissed, since voluntary agreements do not constitute 'process' within the meaning of the tort.")

- *Fodelmesi v. Schepperly*, 1991 U.S. Dist. LEXIS 8517 (S.D.N.Y. June 24, 1991) ("plaintiffs allegations against Grady only include actions by Grady which precede the filing of an accusatory instrument. Therefore, because Grady's alleged acts preceded the criminal process here plaintiff has failed to state a claim of abuse of process.")

The alleged "request" to Swinehart was not "process" because it did not direct or compel Swinehart to issue the subpoenas. Defendant Swinehart, not Larson, had the sole authority and discretion to issue the subpoenas under applicable law. Thus, Defendant Swinehart could have complied with or refused the request. The abuse of process claim should be dismissed.

## CONCLUSION

For the foregoing reasons, James R. Larson respectfully requests that this Court grant his motion pursuant to F.R.C.P. 60(b)(6), and an Order that Plaintiff's complaint be dismissed with prejudice as against him, along with costs, attorneys' fees and such other and further relief as the Court deems fair and proper.

**DATED:** October 15, 2009   **HISCOCK & BARCLAY, LLP**

By:  /s/Robert M. Shaddock
Robert M. Shaddock
*Attorneys for Defendant*
James R. Larson
Office and Post Office Address
2000 HSBC Plaza, 100 Chestnut Street
Rochester, New York 14604
Telephone (585) 295-4454

## CERTIFICATE OF SERVICE

The undersigned, Robert M. Shaddock, Esq., hereby certifies that on October 15, 2009, I electronically filed the foregoing Memorandum of Law dated October 15, 2009 with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

> Amy L. DiFranco, Esq.
> adifranco@culleymarks.com
>
> David Rothenberg, Esq.
> drothenberg@geigroth.com
>
> Elmer R. Keach III, Esq.
> bobkeach@nycap.rr.com
>
> Eugene Welch, Esq.
> ewelch@rochester.rr.com
>
> Glenn E. Pezzulo, Esq.
> gpezzulo@culleymarks.com
>
> Jonathan B. Fellows, Esq.
> jfellows@bsk.com
>
> Michael McClaren, Esq.
> mmcclaren@websterszanyi.com
>
> Mitchell J. Katz, Esq.
> mkatz@menterlaw.com
>
> Teresa Bennett, Esq.
> tbennett@menterlaw.com

Adam Clark, Esq.
aclark@harrischesworth.com

Donald Thompson, Esq.
dmthompson@etksdefense.com

Thomas Lane, Esq.
tlane@websterszanyi.com

David Parks, Esq.
david@ithacalaw.com

Robert G. Wells, Esq.
dfndr@hotmail.com

Bethany Schumann-McGhee, Esq.
Bethany@keachlawfirm.com

Respectfully submitted,

**HISCOCK & BARCLAY, LLP**

/s/ Robert M. Shaddock, Esq.
Attorneys for Defendant James R. Larson
**Office and P.O. Address**
2000 HSBC Plaza
Rochester, New York 14604
Tel: (585) 295-4454
rshaddock@hblaw.com