```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
ROBIN LUKOWSKI, ROBERT LUKOWSKI, DAVID
JENSEN, THOMAS CASTIGLIONE, TERI DURSO
and ROBERT HEIECK,

                           Plaintiffs,           08-CV-6098

               v.                                **DECISION AND
                                                 ORDER**
THE COUNTY OF SENECA, LEO T. CONNOLLY,
JAMES R. LARSON, RICHARD SWINEHART,
JACK STENBERG, CHRISTOPHER CONSTABLE,
SCOTT BUCK, JAMES SINICROPI and
FINGERLAKES1.COM, INC.,

                           Defendants.
_____
```

## **INTRODUCTION**

Defendants Leo Connolly ("Connolly") and James R. Larson ("Larson") both move pursuant to Rule 60(b) of the Federal Rules of Civil Procedure for renewal and/or reconsideration of this Court's Decision and Order dated February 24, 2009, (the "February 24 Order") granting in part, and denying in part, various portions of several defendants' motions to dismiss plaintiffs' Amended Complaint. Specifically, Connolly and Larson contend that the Rule 60(b)(6) motions for reconsideration of their previous motions to dismiss the malicious abuse of process claims for failure to state a claim for relief is appropriate based on this Court's finding in Morse v. County of Seneca, 2009 WL 2762304 (W.D.N.Y. August 26, 2009).

For the reasons set forth below, Connolly and Larson's motions for reconsideration under Rule 60(b)(6) are granted. Accordingly,

Connolly and Larson's motions to dismiss plaintiff's abuse of process claims are granted and the Second Cause of Action is dismissed with prejudice.

**BACKGROUND**

The background facts that gave rise to this action are set forth in detail in the Court's Decision and Order dated February 24, 2009, familiarity with which is assumed here. See Lukowski v. County of Seneca, 2009 WL 467075 (W.D.N.Y. February 24, 2009). Accordingly, only the facts relevant to the instant motion are discussed below.

Connolly and Larson state that the Amended Complaint alleges that both defendants approached defendant Richard Swinehart ("Swinehart") and "*requested* that he issue subpoenas to various internet providers. Swinehart, with the assistance of his investigator, Jack Stenberg, agreed to do so, and issued a series of illegal subpoenas." See Amended Complaint ("Am. Comp."). ¶25 (emphasis supplied). In addition, the Amended Complaint alleges that Connolly and Larson "engaged in a course of conduct abusing their subpoena power, and have engaged in the malicious abuse of process in violation of the Plaintiffs' rights[.]" See id., ¶45. Because the abuse of process claim is based upon allegedly "illegal subpoenas" not issued by either Connolly or Larson, defendants argue that the malicious abuse of process claim should be dismissed.

**DISCUSSION**

I. **Rule 60(b) Standard**

Rule 60(b) provides, in relevant part, that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for...(6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). Connolly and Larson argue that based on this Court's decision in Morse v. County of Seneca, plaintiff's Amended Complaint does not allege that defendants, as either Sheriff or Undersheriff, had the authority to issue subpoenas, nor that defendants did in fact issue subpoenas. In addition, defendants contend that a request to issue subpoenas is not "legal process" sufficient to state a claim for abuse of process.

As a threshold matter, Rule 60(b) applies only to "final" judgments. See Transaero, Inc. v. La Fuerza Aerea Boliviana, 99 F.3d 538, 541 (2d Cir.1996); Alvarez v. American Airlines, Inc., 2000 WL 145746 at *1 (S.D.N.Y. 2000); Wanamaker v. Columbian Rope Co., 907 F. Supp. 522 (N.D.N.Y. 1995) (district court decision dismissing some, but not all of plaintiff's claims, was interlocutory order and not within ambit of Rule 60(b)); Citizens Accord, Inc. v. Town of Rochester, N.Y., 235 F.3d 126, 128 (2d Cir.2000) (dismissing appeal for lack of jurisdiction because "[a] judgment that disposes only of the complaint, while leaving a

counterclaim pending, is not a final judgment"). "The standard test for whether a judgment is 'final' for Rule 60(b) purposes is...whether the judgment is sufficiently 'final' to be appealed." Alvarez, 2000 WL 145746 at *1 (quoting 12 James Wm. Moore et al., Moore's Federal Practice §60.23 (3d ed.1999)). A judgment is final such that it may be appealed if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233 (1945).

In this case, because the February 24 Order dismissed some, but not all of plaintiffs' claims, it was an interlocutory order and technically not within the scope of Rule 60(b). However, a district court has the inherent power to provide relief from an interlocutory order it has entered. See Transaero, Inc., 99 F.3d at 541 ("[A] district court is vested with the power to revisit its decisions before the entry of final judgment and is free from the constraints of Rule 60 in so doing"). Accordingly, I will exercise my inherent powers here to revisit the February 24 Order.

## II. Malicious Abuse of Process Claim

Defendants argue that this case is substantially similar to the Morse case, decided by this same Court, wherein plaintiffs made the same allegations against Connolly and Larson. See Morse, 2009 WL 2762304 at *1 n.2 ("A comparison of both the Lukowski and Morse Complaints reflects that essentially the wording in...the Second Cause of Action [Malicious Abuse of Process]...are the same"). In

addition, defendants point out that the Court in <u>Morse</u> dismissed a substantially similar abuse of process claim compared to this case.

An action for malicious abuse of process under New York law will lie against a defendant who "(1) employs regularly issued legal process to compel performance or forbearance of some act; (2) with intent to do harm without excuse or justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process." <u>See</u> <u>Lukowski</u>, 2009 WL 467075 at 8 (citations omitted). Here, in reconsidering defendants' motions to dismiss and similar to this Court's finding in <u>Morse</u>, plaintiffs have failed to state a claim for abuse of process because the Amended Complaint does not allege facts which, if true, satisfy the first element that the defendant "employs regularly issued legal process to compel performance or forbearance of some act." <u>See</u> <u>Cook v. Sheldon</u>, 41 F.3d 73, 80 (2d. Cir.1994).

Further, under § 610.20 of the Criminal Procedure Law ("CPL"), subpoenas may be issued only by a criminal court, a district attorney or a defense attorney. <u>See</u> CPL 610.20. As noted by this Court in <u>Morse</u>, both Connolly and Larson were not authorized to issue subpoenas. Similarly, both defendants could not have abused the legal process as alleged in this case because the CPL does not authorize police officers or Sheriffs to issue subpoenas. Accordingly, because the facts in the case are almost identical to those in <u>Morse</u>, Connolly and Larson were not authorized to issue

subpoenas and could not have done so, and in fact, plaintiffs do not allege that defendants did so. Thus, the Court finds that both defendants did not abuse and could not have abused their subpoena power as alleged in the Amended Complaint.

Moreover, Connolly and Larson's alleged act of requesting that defendant Swinehart issue subpoenas does not constitute "legal process to compel performance or forbearance of some act." This type of request is voluntary or optional, but it does not direct or compel any action. See Susser v. Fried, 115 Misc.2d 968 (N.Y.Civ.Ct.1982). Plaintiffs cite Valles v. Silverman, 84 P.3d 1056, 1062 (N.M.App.2003) for the proposition that an abuse of process claim is available against an individual who "is the primary catalyst or the determining factor in the decision to file the lawsuit." First, the Valles case is a New Mexico case and as such is not controlling precedent in this Court. Second, the issue in Valles was whether a non-party can be liable for malicious abuse of process when that defendant was not a party in the underlying lawsuit, which is distinguishable from the issues in the present case. Most importantly, the Amended Complaint does not contain allegations to the effect that defendants were either the primary catalysts or the determining factor in plaintiffs' decision to file a lawsuit. In sum, plaintiffs have not alleged that defendants Connolly and Larson directed or compelled defendant Swinehart to issue subpoenas. Accordingly, plaintiffs have failed to allege

facts which, even if true, would entitle them to relief under a claim for malicious abuse of process against defendants Connolly and Larson. Thus, Connolly and Larson's motions to dismiss plaintiff's abuse of process claim is granted and the Second Cause of Action is dismissed with prejudice as to Connolly and Larson.

## **CONCLUSION**

For the reasons stated above, Connolly and Larson's motions for reconsideration are granted. To the extent that the Decision and Order of February 24, 2009 is inconsistent with this Decision and Order, it is hereby modified.

**ALL OF THE ABOVE IS SO ORDERED.**

                                  s/Michael A. Telesca
                                  MICHAEL A. TELESCA
                                United States District Judge

Dated:    Rochester, New York
           March 19, 2010